# Exhibit 1

RECEIVED JUN 0 9 2025 TR

COMMONWEALTH OF VIRGINIA
***CIRCUIT COURT OF FAIRFAX COUNTY***
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

**Dimitar A Dimitrov vs. Mather**

**CL-2025-0008020**

**TO:** **Mather**
**7929 Westpark Dr**
**Tysons Corner VA 22102**

## SUMMONS – CIVIL ACTION

6/9/25

**The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.**

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

**Done in the name of the Commonwealth of Virginia, on June 2, 2025.**

**CHRISTOPHER J. FALCON, CLERK**

**By:** Marco Sanchez
**Deputy Clerk**

**Plaintiff's Attorney: Pro Se**

FILED
MAY 19 2025
CHRISTOPHER J. FALCON
Clerk of the Circuit Court
of Fairfax County, VA

**VIRGINIA** **IN THE CIRCUIT COURT OF THE FAIRFAX COUNTY**

**CIVIL DIVISION**

| | | |
|---|---|---|
| Dimitar A Dimitrov | ) | |
| 2020A 14 St N | ) | Case No: 2025 8020 |
| Arlington, VA 22201 | | |
| Phone 703-867-7807 | ) | |
| Plaintiff | ) | |
| VS. | ) | For Violation of Title I of The Americans |
| Mather | ) | with Disability Act (ADA) |
| #7929 Westpark Dr | ) | For Violation of Title VII of Civil Rights Act of1964 |
| Tysons Corner, VA 22102 | ) | (42 USC Section §2000e *et. seq.)* |
| Defendant | ) | **JURY TRIAL REQUESTED** |

# COMPLAINT

## Introduction

The Plaintiff Dimitar Dimitrov brings this civil action for disability under Title I of The Americans with Disability Act (ADA) and national origin discrimination under Title VII, 42 USC Section 2000 *et. seq.* of the Civil Rights Act of 1964 against the defendant Mather ("Mather") when it fired Mr. Dimitrov on 07.30.2024.

Mather has opened in Tysons Corner, VA in January 2024 as a luxury senior living with 2 high-rise towers, 3 restaurants, fitness center with SPA and numerous other amenities. Mr. Dimitrov first started working as a temp employee on 03.01.2024 and have been formally hired by Mather on 04.22.2024. Mr. Dimitrov worked as restaurant server and when necessary as bartender at the facility two restaurants that were opened at the time – MAKU and SAAM.

Mather was in process of hiring permanent staff and in the meantime was using a temp service called QWICK to bring short term staff in. The temp staff was unvetted and not subject to background and health requirements set by Mather for the hired employees like Mr. Dimitrov. As a condition for his employment Mr. Dimitrov had to provide legal work status, undergo a background check, and HEP B test. For the majority of his employment Mr. Dimitrov worked a shift that started before lunch (11:00 AM) and finished after dinner (9:30-10:00 PM). While working for Mather, Mr. Dimitrov was on his feet for duration of his shift with exception of 30 min lunch break. Most days he was scheduled to work as a restaurant server and approximately 2 days a week Mr. Dimitrov worked as a bartender. The long hours on his feet made Mr. Dimitrov developed a meniscus tear in his left knee which made him limp. Most of his coworkers were temp workers brought in by temp service QWICK. Mather management didn't apply the same employment requirements towards temp workers as to the hired employees.

Mather management didn't know the legal work status, criminal background status or HEP B result for the temp workers. They even claimed they didn't know the temp's full legal names and home addresses and didn't keep emergency contacts for them.

On 07.23.2024 at 3:54 pm -small dispute over what kind of silverware should be used for resident's happy hour escalated to outright assault. One of the unvetted temps working at the restaurant attacked Mr. Dimitrov from the back and grabbed his hand violently in an attempt to prevent him from making silverware folds. Mr. Dimitrov immediately notified the restaurant manager Mr. Ali, but there was no decision made at the time. The assailant was allowed to continue her shift as if nothing happened. The assault happened near the bar area the most visible area of the restaurant and was captured by 2 different surveillance cameras.

Mather used the assault and the following disturbance to first suspend and then fire Mr. Dimitrov. Mather also stopped calling the unvetted temp who assaulted him. On 07.25.24 Mr. Dimitrov filed a Police report about the assault with Fairfax County Police. On 07.30.24 the Plaintiff was terminated over the phone by HR Director Ruggiano and FB Director Cristian Vasquez. They informed him that they reviewed the security cameras from the assault and did not see an assault taking place and Mr. Dimitrov disturbed the peace unduly and therefore should be terminated.

This civil action seeks compensation when the Defendant discriminatory fired the Plaintiff and violated his civil rights under Title I of The Americans with Disability Act (ADA) and national origin discrimination under Title VII, 42 USC Section 2000 *et. seq.* of the Civil Rights Act of 1964.

## **Part I. Parties**

1. The Plaintiff Dimitar A. Dimitrov began his employment with Mather on 04.22.2024. At the time of his termination on 07.30.2024 he was employed as a restaurant server and bartender at Mather at: #7929 Westpark Dr, Tysons Corner, VA 22102.
2. Mr Dimitrov is an employee under Title VII of Civil Rights Act of 1964 Sec 2000e(f)
3. The Defendant Mather is luxury senior living community, operating communities in Illinois, Arizona and Virginia. They are headquartered in Evanston, Illinois. Mather is an employer under Title VII of the Civil Rights Act of 1964 42 USC, Sec 2000e(b)

## **Part II. Jurisdiction and Venue**

4. This Court has subject matter jurisdiction of this action pursuant to 28 USC §1331 and 28 USC §1332
5. This court has personal jurisdiction over the Defendant pursuant to 42 USC, Sec. 2000e-5(3). This Court is proper venue, since Mather is registered in Virginia and all

events giving rise to this complaint occurred in Mather-Tysons Corner, VA Fairfax County where the Plaintiff was employed.

## Part III. Exhaustion of Administrative Remedies

6. The Plaintiff has filed a complaint under Title I of The Americans with Disability Act (ADA) and under the Title VII of Civil Rights Act of 1964 42 USC, Sec. 2000e-2(a)(1) for national origin discrimination with the US Equal Employment Opportunity Commission (EEOC) in Washington DC on 12.19.2024. Complaint # 12K-2025-00072.
7. On 02.23.2025 EEOC has issued the Right to Sue to the Plaintiff.
8. The Plaintiff need not exhaust any other administrative remedies to pursue action under the Title VII of Civil Rights Act of 1964.

## Part IV. Statement of Facts

9. The Plaintiff Dimitar A. Dimitrov first began working as a temp employee on 03.01.2024 and have been formally hired by Mather on 04.22.2024. Most days the Plaintiff was scheduled to work as a restaurant server and approximately 2 days a week as a bartender. The assault by an unvetted temp happened at 3:54 PM on 07.23.2024. Mr. Dimitrov's employment was terminated over the phone on 07.30.2024 by HR Director Ruggiano and FB Director Cristian Vasquez.
10. For the majority of his employment Mr. Dimitrov worked a shift that started at 11:00 AM and finished at 9:30 or 10:00 PM. While working for Mather, Mr. Dimitrov was on his feet for duration of his shift with exception of 30 min lunch break.
11. The long hours on his feet made Mr. Dimitrov developed a meniscus tear in his left knee which made him limp. Over time limping the became worse and many Mather residents and managers asked about it. The limping became extremely painful and visible in July 2024.
12. On 07.23.2024 at 3:54 pm -small dispute over what kind of silverware should be used for resident's happy hour escalated to outright assault. One of the unvetted temps working at the restaurant attacked Mr. Dimitrov from the back and grabbed his hand violently in an attempt to prevent him from making silverware folds. The assailant wouldn't let go of Mr. Dimitrov's hand and he had to twist his hand out of the assailant's grab.
13. Mr. Dimitrov immediately notified the restaurant manager Mr. Ali about the assault, but the manager didn't consider the assault was serios enough to remove the assailant from work and she was allowed to continue working as if nothing happened.
14. The assault happened on 07.23.2024 at 3:54 pm near the bar area the most visible area of the restaurant and was captured by 2 different surveillance cameras.

15. On 07.24.2024 when arriving to work Mr. Dimitrov saw the assailant having lunch at the employee cafeteria. The assailant started work at 7:00 AM and wasn't questioned about the assault by Mather management. At around 2:00 PM Mr. Dimitrov was called at the HR office and questioned about the incident and expressed his surprise that no one spoke to the assailant who began work at 7:00 AM.
16. Mr. Dimitrov was questioned for about 1 hour by HR Director Ruggiano who took extensive notes about the assault. Mr. Ali was also present and rarely spoke only confirming that Plaintiff made him aware about the assault when it happened. Ms. Ruggiano expressed her dismay that the assailant was working since 7:00 AM and Mr. Ali didn't bring it up with her. Ms. Ruddiano announced she will immediately follow up and question the assailant.
17. At the conclusion of the meeting Ms Ruggiano announced that Mr. Dimitrov will be suspended while the assault is being investigated. Mr. Ali escorted Mr. Dimitrov out of the building and took his badge.
18. On 07.25.2024 the Plaintiff filed a Police report for simple assault against Pauline (last name unknown, DOB unknown) with Fairfax County Police. Mather refused to provide Ms. Pauline last name and date of birth claiming they didn't know them.
19. On 07.30.2024 the Plaintiff was terminated over the phone by HR Director Ruggiano and FB Director Cristian Vasquez. They informed him that they reviewed security cameras footage from the assault and did not see an assault taking place. They insisted Mr. Dimitrov disturbed the peace unduly and caused unnecessary stress to residents and visitors who were preparing for "happy hour" at the restaurant. They both concluded termination was appropriate punishment for this offence.
20. On 08.01.2024 the Plaintiff sent a spoliation letter via registered mail to Mather asking to preserve security cameras footage. The letter stated approximate time of the assault and requested that CCTV footage be preserved from 3:50 PM to 4:05 PM on 07.23.24. The HR Director Ruggiano confirmed the letter was received and that she was working with IT person on saving the footage.
21. As part of the assault investigation Fairfax County Police requested security camera footage. When it was finally received the video time stamps were removed and footage started right after the assault.
22. Mather paid the Plaintiff all compensation, unused vacation days and one day that was previously omitted in error.
23. Mather did not provide the Plaintiff with termination letter neither at the time of firing, nor when it was requested by Mr Dimitrov via e-mail on Mar 15, 2025. The only response from headquarter was they will no longer respond to his e-mails due to EEOC complaint he filed.

## Part V. Causes of Action

**COUNT I**

**DISCRIMINATION UNDER TITLE I OF THE AMERICANS WITH DISABILITY ACT**

24. At all times Defendant Mather was an employer subject to the provisions of the Title I of The Americans with Disability Act
25. At all times the Plaintiff Mr. Dimitrov, as an employee was entitled to protection under the Title I of The Americans with Disability Act
26. Defendant Mather and managers acting on its behalf discriminated against the Plaintiff on basis of disability, heavy limping developed during his employment. The disability was visible for all managers and residents at Mather and Plaintiff was frequently asked what was wrong and why was he limping.
27. Defendant's acts of discrimination caused Plaintiff to suffer great mental distress, humiliation, economic loss of salary and health benefits.
28. Defendant's conduct has been intentional, deliberate and in callous disregard of Plaintiff's rights. This intentional, reckless and willful discrimination on the part of the Defendant constitutes a violation of Plaintiff's rights under Title I of The Americans with Disability Act.

**COUNT II**

**DISCRIMINATION UNDER the Title VII of the Civil Rights Act of 1964 42 USC Sec 2000e et.seq.**

29. At all times Defendant Mather was an employer subject to the provisions of the Title VII of the Civil Rights Act of 1964 42 USC, Sec 2000e et.seq.
30. At all times the Plaintiff Mr. Dimitrov, as an employee was entitled to protection under the Title VII of the Civil Rights Act of 1964, 42 USC, Sec 2000e et.seq.
31. Defendant Mather and managers acting on its behalf discriminated against the Plaintiff on basis of national origin. The Plaintiff is of Russian decent and during his employment was subject to hostile and desperate treatment.
32. Defendant Mather never before fired an employee who was victim of an assault. Defendant Mather edited the video footage by cutting off the assault scene and removing the time stamps to make it appear like the assault never happened.
33. Defendant's conduct has been intentional, deliberate and in callous disregard of Plaintiff's rights. This intentional, reckless and willful discrimination on the part of the Defendant constitutes a violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 42 USC, Sec 2000e et.seq.

## Part VI. RELIEF

34. Plaintiff Dimitrov demands the following relief from Defendant Mather:
    A) Compensatory damages
       a) under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. §2000e–5(g)] for backpay and interest on backpay, totaling 35,000 (thirty-five thousand) USD;
       b) under 42 U.S.C. §1981a including without limitation to future monetary losses, medical expenses, mental anguish and pain and suffering totaling 70,000 (seventy thousand) USD;
    B) Punitive damages in the amount of 200,000 (two hundred thousand) USD sufficient to punish Defendant Mather and deter similar conduct in the future

Respectfully submitted:

05.19.2025

Dimitar A. Dimitrov
2020 A 14th St N
Arlington, VA 22201
Phone:703-867-7807
E-mail: ddimitrov73@yahoo.com

**Certificate of Service**

I certify that on this 19th day of May 2025 a copy of the above COMPLAINT was mailed via Certified mail to Mather at: #7929 Westpark Dr, Tysons Corner, VA 22102

05.19.2025

Dimitar A. Dimitrov
2020 A 14th St N
Arlington, VA 22201
Phone:703-867-7807
E-mail: ddimitrov73@yahoo.com